UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Gerald Rudell Williams, # 21405, ) | C/A No. 8:13-1812-JMC-JDA |
| Plaintiff, ) | |
| vs. ) | **Report and Recommendation** |
| ) | **Of the Magistrate Judge** |
| Ronnie Pruitt, *Police Investigator, Williston Police Department*; ) | |
| Doris B. Holmes, *Saluda County Clerk of Court*, ) | |
| Defendants. ) | |

### *Background*

Plaintiff brings this action for false imprisonment, false arrest and pain and suffering pursuant to 42 U.S.C. § 1983 alleging a violation of the Fourth Amendment prohibition against unreasonable seizures. (ECF No. 1 at 3.) Plaintiff is a pre-trial detainee at the Saluda County Detention Center.[1] Id.

The "STATEMENT OF CLAIM" portion of the Complaint reveals that this civil rights action arises out of the circumstances surrounding the issuance and execution of a bench warrant (M770163) (*see* ECF No. 1; ECF No. 1-1, at pages 1–2). The heading on the bench warrant indicates that the Clerk of Court of General Sessions issued the warrant based on Plaintiff's failure to comply with conditions of his bond (ECF No. 1-1, at pages

---

[1]Plaintiff's exhibits reveal that he is awaiting trial on a charge of murder/attempted murder (Indictment No. 2012-GS-41-00263). (*See* ECF No. 1-1.)

1–2). Defendant Pruitt arrested Plaintiff pursuant to the bench warrant. Plaintiff contends the warrant is invalid because it was not signed by a judge and that his arrest pursuant to the invalid warrant was in violation of his constitutional rights. In his prayer for relief, Plaintiff seeks "financial relief" for lost wages, pain and suffering[2], and false imprisonment in the amount of three million dollars.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review[3] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 31–35 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519, 519 (1972)(*per curiam*); *Nasim v. Warden, Maryland House of Corr.*, 64 F.3d 951, 953–56 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70, 71–74 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291, 1295–96 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9–10 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319,

---

[2]To the extent that Plaintiff is asserting a claim under § 1983 for emotional injuries as a result of his arrest and detention, his claim fails. There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. *See Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir.1985), *cert. denied*, 480 U.S. 916 (1987); and *Rodriguez v. Comas*, 888 F.2d 899, 903 (1st Cir.1989).

[3]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

321–23 (1972)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, a plaintiff's or petitioner's allegations are assumed to be true.  *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).   Nonetheless, a litigant must plead factual content that allows the court to draw the reasonable inference that the defendant or respondent is plausibly liable, not merely possibly liable.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680–84 (2009).  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**Requirements of § 1983 Claim**

Plaintiff files this civil rights action pursuant to 42 U.S.C. § 1983.  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  The civil rights statute 42 U.S.C. § 1983 " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' "  *Albright v. Oliver*, 510 U.S. 266, 271 (1994), (*quoting Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Defendant Holmes Entitled to Immunity**

As an initial matter, Defendant Holmes is immune from suit under § 1983. Defendant Holmes is the Clerk of Court of General Sessions and Common Pleas for the County of Saluda. [Doc. 1-1.] Clerks of Court are part of the State of South Carolina's unified judicial system, *see* S.C.Code Ann. §§ 14–1–40, 14–17–10, and are authorized by state law to issue bench warrants, *see id.* § 14–17–260.[4] As such, the doctrine of quasi-judicial immunity provides protection from suit to Defendant Holmes. *See Newton v. Buckley*, 127 F.3d 1109, 1997 WL 642085, at *4 (10th Cir. Oct. 17, 1997) (unpublished table decision) ("The circuits are in general agreement that a clerk's issuance of a warrant involves a quasi-judicial act and, therefore, carries with it the protections of absolute immunity."); *see also Foster v. Walsh*, 864 F.2d 416, 417–18 (6th Cir. 1988) (holding clerk enjoyed absolute immunity from suit stemming from erroneously issued arrest warrant); *Abebe v. Propes*, No. 0:11-1215-MBS-PJG, 2011 WL 2581385, at *3 (D.S.C. June 3, 2011) (recognizing doctrine of quasi judicial immunity has been adopted for court support personnel performing duties pursuant to judicial orders or court rules), *adopted*, 2011 WL

---

[4]Specifically, South Carolina law provides that

> [t]he clerk shall
>
> > (a) issue every execution, bench warrant or other process issuable or directed to be issued by the courts of sessions, in the name of the Attorney General or solicitor of the circuit, (b) issue all rules and notices ordered in the common pleas, (c) attest in his own name under the seal of the court, all writs and processes issued either in the common pleas or sessions and (d) sign officially all judgments and state the time when each is signed and entered.

S.C. Code Ann. § 14-17-260.

4

2600593 (D.S.C. June 29, 2011) *Mosley v. Bass River Municipal Court*, No. 04-4511 (JBS), 2006 WL 2264835, at *3 (D.N.J. Aug. 7, 2006) (extending quasi-judicial immunity to a clerk of court for assisting a judge in improperly issuing a bench warrant).

**Complaint Fails to State a Claim Against Defendant Pruitt**

Plaintiff's claims of false arrest are subject to summary dismissal because he was arrested pursuant to a facially valid bench warrant. (*See* ECF No. 1-1 (warrant).) According to Plaintiff's Complaint, Defendant Pruitt is a police investigator with the Williston Police Department and is the officer responsible for arresting Plaintiff pursuant to the bench warrant issued by the court. (ECF No. 1 at 3.) While the Fourth Amendment guarantees the "right of the people to be secure in their persons . . . against unreasonable searches and seizures . . . and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing . . . the persons or things to be seized," the law is clear that "a public official cannot be charged with false arrest when he arrests a defendant pursuant to a facially valid warrant." *Porterfield v. Lott*, 156 F.3d 563, 568 (4th Cir. 1998); *Brooks v. City of Winston-Salem*, 85 F.3d 178, 181–82 (4th Cir. 1996). Arresting officers are generally entitled to rely on a facially valid warrant in effecting an arrest because the officers' duty is not to assess guilt or innocence but merely to serve the warrant:

> A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers—all of whom may be potential defendants in a § 1983 action—is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of

> innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury.

*Baker v. McCollan*, 443 U.S. 137, 145–46 (1979) (footnote omitted).

Taking Plaintiff's allegations as true, the Court finds no basis for concluding that the bench warrant was not facially valid. *See Harrison v. Sumter Cnty. Sheriff's Dep't*, No. 2:07-3555-PMD-GCK, 2008 WL 553181, at *3 (D.S.C. Feb. 25, 2008) (determining arrest warrants were facially valid even though they listed dates in 1998 and 1999 and Plaintiff was arrested in 2005). Accordingly, Plaintiff has failed to state a claim against Defendant Pruitt.

## *Recommendation*

Upon review, the Court finds Plaintiff has failed to state a claim under the Fourth Amendment and improperly seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii), (iii). Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without service of process. Plaintiff's attention is directed to the Notice on the next page.

s/Jacquelyn D. Austin<br>United States Magistrate Judge

July 17, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

Plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **300 East Washington Street — Room 239**
> **Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).