# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Gerald Rudell Williams, # 21405,  )<br>                                                          )<br>                    Plaintiff,       )<br>                                                          )   Civil Action No.: 8:13-cv-01812-JMC<br>                    v.                  )<br>                                                          )   **ORDER**<br>Ronnie Pruitt, Police Investigator, Williston  )<br>Police Department; Doris B. Holmes,     )<br>Saluda County Clerk of  Court,               )<br>                                                          )<br>                    Defendants.     )<br>_____)  | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 14], filed July 17, 2013, recommending that the above-captioned case be dismissed without prejudice and without issuance and service of process. Plaintiff brought this action seeking relief pursuant to Title 42 U.S.C. §1983, alleging violations of the Fourth Amendment prohibition against unreasonable seizures [Dkt. No. 1 at 3] for false imprisonment, false arrest and pain and suffering. Plaintiff also alleges state law claims for defamation, mental anguish, and pain and suffering. The Report sets forth in detail the relevant facts and legal standards on these matters which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff was advised of his right to file objections to the Report [Dkt. No. 14-7]. However,

Plaintiff filed no objections to the Report.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation. [Dkt. No. 12]. It is therefore **ORDERED** that Plaintiff's Complaint [Dkt. No. 1] is **DENIED** and the above-captioned case is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
August 19, 2013